UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 17-CV-24530-UU

NANCY BODAN,

    Plaintiff,

v.

CG RYC, LLC, CG MIAMI RIVER LLC,
FOOD AND LEVERAGE, LLC,
STEPHANE DUPOUX, and
MEYER CHETRIT,

    Defendants.
_____/

## MOTION TO DISMISS

    Defendants, CG RYC, LLC, CG MIAMI RIVER LLC, FOOD AND LEVERAGE, LLC, STEPHANE DUPOUX, and MEYER CHETRIT by and through undersigned counsel, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), hereby move to dismiss Plaintiff's Complaint for the following reasons, and in support state:

    1.    This case was removed to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

    2.    Counts I & II of Plaintiff's five (5) Count Complaint specifically allege that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and states "each Plaintiff is entitled to receive his full share of the tips that River Yacht Club collected from its patrons via the 18% gratuity as well as any additional tips that the patrons voluntarily included to their respective bills." [D.E. #1-1, ¶¶67 & 73].

3. Count III alleges a Breach of Contract wherein Plaintiff asserts that she should have been "compensated as 'Tipped Employees' under the FLSA" and [is] seeking "monetary damages, pre-judgment interest, plus attorneys' fees and costs pursuant to Florida Statute § 448.08." [*Id*. at ¶¶74-77].

4. In Count IV, Plaintiff asks the Court to order an accounting so that Plaintiff can determine "the exact amount of tips that [] Plaintiff should have received for each shift that he or she worked for River Yacht Club." [*Id*. at ¶84].

5. In Count V (Unjust Enrichment), Plaintiff states that "Defendants retained a portion of each Plaintiffs tips and used the tips for their own pecuniary interest, and that the Defendants' acceptance and retention of the benefits conferred upon them by the Plaintiff under these circumstances make it inequitable for the Defendants to retain the benefit without paying the value thereof." [*Id*. at ¶¶88, 89].

6. Count III, IV and V incorporate by reference the 61 paragraphs regarding "Parties, Jurisdiction and Venue" and the "General Allegations" which are grounded on the allegation that Defendants violated the FLSA by misappropriating "Plaintiffs' tips."[1]

7. Plaintiff's Breach of Contract, Accounting, and Unjust Enrichment Counts are all dependent on the allegation that Plaintiff entered into a contract with Defendants and is entitled to a return of the tips.

8. Under Florida and federal law, Plaintiff has failed to state a claim that this Court can grant, and Plaintiff's Complaint must be dismissed pursuant to Rule 12(b)(1) or 12 (b)(6).

---

[1] Defendants paid Plaintiff pursuant to 29 U.S.C. §207(i), the Retail Sales Exemption (Commissioned Sales Employees). Plaintiff was aware she was being paid as commissioned sale employee, but has instead decided to allege that she was a tipped employee. *See e.g. Ivan Stanojevic, et al., v. CG RYC, LLC, et al.*, 17-21066-CV- Simonton (Consent) (S.D. Fla. 2017).

9. First, Plaintiff in Counts I & II has failed to properly plead or allege any federal law(s) or causes of action that would allow her to recover the tips that she alleges were misappropriated. Therefore, Plaintiff's Complaint must be dismissed pursuant to Rule 12(b)(1) because this Court cannot grant the relief that Plaintiff has demanded under federal law.

10. Second, Count III must be dismissed pursuant to Rule 12(b)(6) because Plaintiff has failed to properly allege the necessary elements that there was a contract between Plaintiff and Defendant, CG RYC, LLC ("CG RYC").

11. Third, Counts IV & V must be dismissed because the Counts can only survive if Plaintiff can prove (or allege at this stage of the proceedings) there was a contract between Plaintiff and CG RYC because the FLSA does not allow Plaintiff to recover "misappropriated" tips. Plaintiff has failed to properly allege Count III, and therefore Counts IV & V must also be dismissed.

## MEMORANDUM OF LAW

### 1. Legal Standards

To survive a motion to dismiss, the four corners of the complaint must contain factual allegations which are "enough to raise a right to relief above speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007). The issue to be decided by the Court is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scheuer*, 468 U.S. 183 (1984).

**A.     Fed. R. Civ. P. 12(b)(1)**

A motion to dismiss under Rule 12(b)(1) may "assert either a factual attack or a facial attack to jurisdiction." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). A factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings…" *Id.* On the other hand, a facial attack challenges the sufficiency of the subject matter jurisdiction allegations in the complaint. It reviews the allegations as "it does when considering a Rule 12(b)(6) motion," construing the complaint "in the light most favorable to the plaintiff and accept[ing] all well-pled facts alleged in the complaint as true." *Id.*

**B.     Fed. R. Civ. P. 12(b)(6)**

When reviewing a motion to dismiss for failure to state a claim, the court must accept as true "well-pleaded facts and reasonable inferences drawn from those facts. Unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) "A district court may properly dismiss a complaint if it rests only on conclusory allegations, unwarranted deductions or facts or legal conclusions masquerading as facts." *Sarver v. Jackson*, 344 Fed.Appx. 526, 527 n.2 (11th Cir. 2009). A plaintiff must allege enough facts to state a claim for relief that is plausible on its face and sufficient to raise the right to relief beyond a speculative level. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To do so, a plaintiff must do more than provide labels and conclusions or a formulaic recitation of the elements of a cause of action. *Id.* at 555. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

2. <u>**Arguments**</u>

A.   **Counts I & II Must Be Dismissed Pursuant to Rule 12(b)(1) and Rule 12(b)(6)**

In Counts I & II, Plaintiff claims that "each Plaintiff is entitled to receive his full share of the tips that River Yacht Club collected from its patrons via the 18% gratuity as well as any additional tips that the patrons voluntarily included to their respective bills." [D.E. #1-1, ¶¶67 & 73]. However, the FLSA case law cited below demonstrates that Plaintiff's request for reimbursement of the amount of tips that Plaintiff claims were "misappropriated" are not recoverable as alleged in Plaintiff's Complaint and both Counts must be dismissed.

**<u>The FLSA Allows For Recovery of Wages, But Not Tips</u>**

Employee lawsuits brought under the FLSA may only recover the damages permitted by 29 U.S.C. § 216(b). That section, in pertinent part, provides that: "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Consequently, in the context of the unlawful use of the tip credit, an employee may only recover the amount of those tips that were designated for use as the tip credit – the tips which were unlawfully designated to complete payment of the prevailing minimum wage. In a case in which the employer pays an hourly cash wage commensurate with the FLSA but utilizes the tip credit, the tip credit is all that is recoverable (and not the actual tips). Put another way, the tip credit is all that would be required for payment of the full minimum wage if the tip credit had been utilized. In such a scenario, the amount of the tip credit multiplied by the hours of unlawful use constitutes the total that is recoverable. There is no free

standing right under § 3(m) of the FLSA to recover tips in excess of those designated for the tip credit.[2]

Although limited, Eleventh Circuit case law addresses whether a plaintiff's complete recovery for tip-pool violations includes the tip credit plus the tips that the plaintiff contributed to the pool and were wrongfully distributed to ineligible employees.  *See Holloway v. Rocchio Tunnel Marketplace Enterprises, LLC*, 15-61586-CIV, 2016 WL 4411346, at *3–4 (S.D. Fla. Feb. 29, 2016) ("If plaintiff is successful in her tip-pool claim, she will not be able to collect both the tip credit claimed by defendants and her tips improperly retained by employees ineligible to participate in the pool.").  Other courts have similarly found such damages limited to the tip credit retained by the employer (and not the actual tips).  *See e.g.*, *Mould v. JJG Food Serv., Inc.*, No. JKB-13-1305, 2014 WL 2768635, at *4–6 (D. Md. June 17, 2014) (holding that where tip-pooling arrangement fails to meet FLSA requirements, "the basis for the measure of damages, would be the difference between the wages paid and the applicable minimum wage," and plaintiff "is not entitled to recover his tips in damages"); *Garcia v. La Revise Assocs. LLC*, No. 08 Civ. 9356, 2011 WL 135009, at *5 (S.D.N.Y. Jan. 13, 2011) (holding that "plaintiffs [were] entitled to damages equal to the full minimum wage rate for every hour that they worked," where manager improperly participated in tip pool and plaintiffs received insufficient notice); *Wajcman v. Inv. Corp. of Palm Beach*, 620 F. Supp. 2d 1353, 1355 n.2 (S.D. Fla. 2009) (approving tip credit as stipulated method of calculating damages where tip pool rendered invalid by participation of supervisors); *Ayres v. 127 Rest. Corp.*, 12 F. Supp. 2d 305, 309 (S.D.N.Y. 1998)

---

[2] All of the front of the house employees were either paid the full minimum wage or were paid pursuant to a § 207(i) exemption.  Plaintiff's counsel is fully-familiar with what this entails.  *See Jorge Gutiereez, et al., v. Seasalt and Pepper, LLC, et al.*, 14-22852-CV-UNGARO (S.D. Fla. 2014).

(holding that "defendant must disgorge the amount of tip credit deducted from each plaintiff's wages during the period that the tip pool violated [the FLSA]" because general manager improperly participated in tip pool); *Bonham v. Copper Cellar Corp.*, 476 F. Supp. 98, 102 (E.D. Tenn. 1979) (holding that plaintiffs' compensatory damages equaled tip credit retained by employer for each hour worked where kitchen staff improperly participated in tip pool and plaintiffs received insufficient notice). *See also Myers v. Copper Cellar Corp.*, 192 F.3d 546, 550–51 (6th Cir. 1999) (holding that each employee compelled to contribute to tip pool was "statutorily entitled" to payment of full minimum wage for all time logged during shifts where salad makers improperly participated in pool).

In the instant case, Plaintiff alleges that the managers and employer(s) illegally participated in the tip pool or retained a portion of Plaintiff's tips, and therefore "Plaintiff is entitled to receive [her] full share of the tips that River Yacht Club collected from its patrons via the 18% gratuity as well as any additional tips that the patrons voluntarily included to their respective bills." [D.E. #1-1, ¶¶67 & 73]. The courts in *Wajcman* and *Ayres, supra,* directly rejected the relief that Plaintiff is seeking in the case at bar, and stated in its holding that the plaintiffs' compensatory damages where a supervisor or manager allegedly participated in the tip pool equaled the tip credit retained by the employer for each hour that the plaintiff worked. *See Wajcman*, 620 F. Supp. 2d at 1355 n.2, *Ayres,* 12 F. Supp. 2d at 309.

Accordingly, because the FLSA does not allow Plaintiff to recover "tips illegally shared" Plaintiff's claim to recover misallocated "tips" must be dismissed with prejudice pursuant to Rule 12(b)(1).

**B.      Counts III, IV & V Must Be Dismissed Pursuant to Rule 12(b)(1) and 12(b)(6)**

Plaintiff's claims for Breach of Contract (Count III), Accounting (Count IV), and Unjust Enrichment (Count V) all arise from Plaintiff's allegation that she entered into a contract with CG RYC.  Plaintiff seeks to recover her tips because there was a contract between her and CG RYC; Plaintiff requires an accounting to determine "the exact amount of tips that each Plaintiff should have received for each shift that he or she worked for River Yacht Club" and Plaintiff alleges CG RYC was unjustly enriched because "Defendants retained a portion of each Plaintiffs tips and used the tips for their own pecuniary interest." [D.E. #1-1, ¶¶75, 84, 88].

However, Plaintiff has failed to meet the pleading requirements of Rule 8 because she has failed to give a "plain statement of the claim showing that [she is] entitled to relief." Furthermore, Plaintiff has failed to plead whether the contract was written or oral.  If the contract was written, Plaintiff has failed to to attach a copy of the contract or the pertinent portion of the Employee Manual to the Complaint.  If it was oral, Plaintiff has failed to allege the facts necessary, and therefore the Court must dismiss Counts III, IV and V pursuant to Rule 12(b)(6) or Rule 12(b)(1).

### Plaintiff Has Failed To Suitably Allege A Contract Existed

The elements of an action for breach of contract in Florida are: (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach. *See Grove Isle Ass'n v. Grove Isle Assocs.*, *LLLP*, 137 So. 3d 1081, 1094 (Fla. 3d DCA 2014).  The existence of a contract is shown by illustrating the elements of the contract such as offer, acceptance and consideration as well as the essential terms of the contact.  A contract does not exist simply because there is an agreement between people.  The parties to the agreement must intend to enter

into a legally binding agreement.  This will rarely be stated explicitly but will usually be able to be inferred from the circumstances in which the agreement was made.  In the instant case, Plaintiff has failed to show the existence of the contract, and Counts III, IV and V must be dismissed as a result.

Plaintiff's Complaint alleges that there was "employment relationship" between Plaintiff and River Yacht Club. [D.E. #1-1, ¶22].  In Count III, Plaintiff states there was a contract between Plaintiff and CG RYC to compensate Plaintiff as a "Tipped Employee[]" under the FLSA, and that CG RYC breached the contract by failing to properly and accurately compensate Plaintiff in accordance with the terms that the parties agreed to when the employment relationship began.  As a result of CG RYC's alleged breach of the contract, Plaintiff has suffered and will continue to suffer substantial damages. [D.E. #1-1, ¶77].  However, just because there was an "employment relationship" or agreement, does not mean that a valid contract existed.  Further, Plaintiff's allegations do not meet the pleading requirement of Rule 8.

Plaintiff claim there was an employment contract is lacking any specifics. The idea that there was an at-will "employment relationship" is supported by several references in Plaintiff's Complaint. Pg. 1 (Defendants' breach of the employment relationship), *see also* ¶22, ¶76. [3]

In support of her claim that there was an employment contract, Plaintiff failed to identify if the contract was written or oral.  Plaintiff also did not attach a copy of any written contract(s) or pages from an employee manual to her Complaint to support her claim. Therefore, in order to survive a motion to dismiss, the Court can only surmise that the contract was an oral contract. *See Safeco Ins. Co. of Am. v. Ware*, 401 So.2d 1129, 1130 (Fla. 4th DCA 1981) ("In the case of a

---

[3] Plaintiff was hired as a busser and was at-will employee.

complaint based on a written instrument it does not state a cause of action until the instrument or an adequate portion thereof is attached to or incorporated in the pleading in question.").

Additionally, Plaintiff fails to explain when the oral contract was formed, who made the offer, when Plaintiff accepted, with whom she spoke with regarding the contract, and most importantly, the term or length of her employment "by contract" with CG RYC. Without a contract, Plaintiff's "employment relationship" with Defendants would be as an at-will employee and subject to discharge, or a change of the conditions of her employment, at any time. *See e.g. Leonardi v. City of Hollywood*, 715 So. 2d 1007 (Fla. 4th DCA 1998) (The general rule of at-will employment is that an employee can be discharged at any time, as long as he or she is not terminated for a reason prohibited by law, such as retaliation or unlawful discrimination.). For these several reasons, Count III should be dismissed.[4]

### As Plaintiff Is Not Entitled to Return of Tips, Plaintiff is Not Entitled to An Accounting

As set forth above, Plaintiff's claim for an Accounting is dependent on Plaintiff's entitlement to a return of the tips. As Plaintiff is not entitled to a return of the tips and Counts I, II and III should be dismissed, Plaintiff is not entitled to an accounting. For this reason, Count IV must also be dismissed.

### Plaintiff's Unjust Enrichment Claim Fails

Although Plaintiff attempts to allege a cause of action for Unjust Enrichment in Count V of the Complaint, Plaintiff failed to allege the necessary elements. It is well-settled that:

> The elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred a benefit on the defendant, who has

---

[4] Count III must also be dismissed because it improperly includes a claim for attorneys' fees and costs pursuant to Florida Statute, § 448.08, but that statute is applicable to wages only – not tips. *See infra*.

> knowledge thereof; (2) defendant voluntarily accepts and retains the conferred benefit; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff.

*Grove Isle Ass'n v. Grove Isle Assocs., LLLP*, 137 So. 3d 1081, 1094 (Fla. 3d DCA 2014) (citation omitted).

First, Plaintiff failed to allege that Defendants had knowledge that Plaintiff conferred a benefit upon them. Second, Plaintiff failed to allege that Defendants voluntarily accepted the benefit. For these reasons, this Count must be dismissed

Moreover, in the Wherefore Clause, Plaintiff improperly seeks attorneys' fees and costs pursuant to Florida Statute, § 448.08 which provides: "The court may award to the prevailing party in an action for **unpaid wages** costs of the action and a reasonable attorney's fee." (emphasis added). That statute is on its face inapplicable here because it applies to wages only – not the tips that Plaintiff is seeking. *See e.g.*, *Coleman v. City of Hialeah*, 525 So. 2d 435, 435 (Fla. 3d DCA 1988), *cert. den.*, 536 So. 2d 243 (Fla. 1988) (pension benefits, workers' compensation benefits, employment disability benefits, sick leave benefits or unemployment benefits are not considered wages and cannot form the basis for an award of attorneys' fees and costs pursuant to § 448.08). Accordingly, Count V must be dismissed.

WHEREFORE, Defendant respectfully requests that the Court grant the instant Motion in its entirety, enter an Order dismissing Plaintiff's Complaint, and grant such other and further relief as is just and proper.

Dated: December 29, 2017                                    Respectfully submitted,

/s Lowell J. Kuvin
Lowell J. Kuvin
Fla. Bar No.: 53072
lowell@kuvinlaw.com
Law Office of Lowell J. Kuvin, LLC
17 East Flagler St., Suite 223
Miami, Florida 33131
Tel:    305.358.6800
Fax:    305.358.6808
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will automatically send a copy of the foregoing document to Plaintiff's counsel, Robert Zarco, Esq. (FBN 502138) (rzarco@zarcolaw.com), Beshoy Rizk, Esq. (FBN 93808) (brizk@zarcolaw.com) and Margaret T. Lai, Esq. (FBN 0074395)( mlai@zarcolaw.com).

By:    **s/Lowell J. Kuvin**
Lowell J. Kuvin, Esq.
Florida Bar No. 53072