UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 17-CV-24530-UU

NANCY BODAN,

        Plaintiff,

v.

CG RYC, LLC, CG MIAMI RIVER LLC,
FOOD AND LEVERAGE, LLC,
STEPHANE DUPOUX, and
MEYER CHETRIT,

        Defendants.

_____/

## MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

Defendants, CG RYC, LLC, CG MIAMI RIVER LLC, FOOD AND LEVERAGE, LLC, STEPHANE DUPOUX, and MEYER CHETRIT, by and through undersigned counsel, hereby move to disqualify Plaintiff's counsel, Roberto Zarco, Esq., Beshoy Rizk and the law firm of Zarco Einhorn Sakowski & Brito, P.A., and in support state:

## OVERVIEW

Plaintiff's counsel previously represented Defendant, STEPHANE DUPOUX in a substantially related case before this very Court and provided Mr. Dupoux with legal advice on a substantially related matter that is now the subject of the instant case.   As such, Plaintiff's counsel and his law firm must be disqualified from representing Plaintiff.

## RELEVANT PROCEDURAL HISTORY AND FACTS

1. Plaintiff filed this case in State court on November 3, 2018.

2. This case was removed to this Court on December 14, 2018. [D.E. #1].

3.     On December 27, 2017, the Court *sua sponte* severed and dismissed the claims of all Plaintiffs except NANCY BODAN. [D.E. #8].

4.     On December 29, 2017, Defendants filed their Motion to Dismiss. [D.E. #14].

5.     On January 12, 2008, the Court *sua sponte* dismissed Counts III, IV and V of the Complaint without prejudice. [D.E. #17].

6.     On January 12, 2018, Plaintiff filed an Amended Complaint. [D.E. #23].

7.     Counts I & II of Plaintiff's Amended Complaint specifically allege that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and state that, "Plaintiff is entitled to receive her full share of the tips that River Yacht Club collected from its patrons, via the 18% gratuity, as well as any additional tips that the patrons voluntarily included to their respective bills." [D.E. #23, ¶¶56 & 62].

8.     Roberto Zarco, Esq., Beshoy Rizk and the law firm of Zarco Einhorn Sakowski & Brito, P.A. (the "Zarco Firm") previously represented Defendant, STEPHANE DUPOUX ("Mr. Dupoux") in a substantially related case in this District: *Jorge Gutiereez, et al., v. Seasalt and Pepper, LLC, et al.*, 14-22852-CV-UNGARO (S.D. Fla. 2014) the "Gutiereez Case").

9.     In the *Gutiereez* Case, the plaintiffs (who were alleged to be tipped employees but who were paid pursuant to the 207(i) retail sales exemption) sued the restaurant-employer and, *inter alia*, Mr. Dupoux, for alleged violations of the FLSA due to an allegedly improper "tip pool."   A copy of the Amended Complaint in the *Gutiereez* case is attached hereto as **Exhibit "1."**

10.     The *Gutiereez* plaintiffs alleged, "Throughout Plaintiff's employment, Defendants characterized the 18% charge as a `tip' so that Defendants could attempt to avoid complying

with Federal and state laws including, but not limited to, the failure to pay Federal payroll taxes

and state unemployment taxes. Despite characterizing the 18% as a `tip,' in an attempt to pay

less federal and state taxes, Defendants refused to pay Plaintiff the full 18% gratuity to which he

was entitled under 29 C.F.R. 531.52."  Exhibit "1," at ¶¶51-52.

  11. In its Motion to Dismiss Amended Complaint in the *Gutieerez* case, the Zarco

Firm argued that the employer had a valid 207(i) exemption (as in the instant case):

> The Amended Complaint conclusively establishes that Defendants complied with section 207 of the FLSA. Plaintiff was paid an hourly wage ($8.50) that exceeds the federal minimum wage provided for in section 206 and that Plaintiff was paid $12.75 for every work [*sic*] he worked in excess of 40 hours in a single work week. Plaintiff can hardly [*sic*] that Defendants failed to comply with section 207 of the FLSA.
>
> Plaintiff attempts to sidestep this argument by alleging that Defendants violated section 207 by failing to include any of his 18% gratuity in the calculation of his regular rate of pay for purposes of calculating his overtime compensation. Amended Complaint at ¶49. The problem with this argument is that it is inconsistent with the FLSA, the Department of Labor Regulations implementing the FLSA and well-established precedent in this District. **Under section 203(m) of the FLSA, employers of tipped employees may consider such tips as a part of their wages, but employers must pay a direct wage of at least $2.13 per hour if they claim a "tip credit,"** which is the difference between the amount an employee must be paid under the minimum wage law and the amount direct paid to a tipped employee. 29 U.S.C. §203(m). The Department of Labor Regulations state that "Any tips received by the employee in excess of the tip credit need not be included in the regular rate." 29 C.F.R. §531.60.
>
> **Here, the Amended Complaint clearly establishes that Defendants did not take the tip credit, and thus, were not required to include any of Plaintiff's share of the 18% gratuity in his regular rate of pay.** The Amended Complaint also established that Defendant paid Plaintiff time and half his regular hourly rate for every hour he worked in excess of 40 hours in a single work week. **As such, Plaintiff's claim under section 207 of the FLSA fails as a matter of law.** *Perez v. Palermo Seafood, Inc.*, 548 F. Supp. 2d 1340, 1349 (S.D. Fla. 2008).

*See* pp.4-5 of the Zarco Firm's Motion to Dismiss Amended Complaint in the *Gutieerez* case, a copy of which is attached hereto as **Exhibit "2"** (emphasis added).

12.    Moreover, this Court agreed with the Zarco' Firm's argument that the employer in *Gutiereez* had a valid 207(i) exemption and granted the aforementioned Motion to Dismiss Amended Complaint, finding:

> The inescapable implication of this condition on the use tip credits is that **employers have a choice; they may either rely on tip credits to meet their minimum wage obligations and distribute all employee tips or they may instead choose to meet their minimum wage obligations without relying on tip credits and do with employee tips as they please (so long as otherwise lawful).** *See Cumbie*, 596 F.3d at 581 ("A statute that provides that a person must do X in order to achieve Y does not mandate that a person must do X, period."); *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 562 (S.D.N.Y. 2013) (finding 29 C.F.R. § 531.52 contrary to the plain language of Section 203(m)); *Stephenson v. All Resort Coach, Inc.*, No. 2:12-CV-1097 TS, 2013 WL 4519781, at *6 (D. Utah Aug. 26, 2013) (same); *Chung v. New Silver Palace Rest., Inc.*, 246 F. Supp. 2d 220, 230 (S.D.N.Y. 2002) **("Congress gave employers of tipped employees a simple choice: either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.").** Otherwise, the condition that employees retain all tips would be superfluous and nonsensical….

*See* pp.5-6 of this Court's Order, dated December 9, 2014, a copy of which is attached hereto as **Exhibit "3"** (emphasis added).

13.    Accordingly, the Zarco Firm successfully defended Mr. Dupoux in an FLSA case involving an alleged "tip pool" which was actually service charges and is now impermissibly prosecuting an identical case against his former client.

14.    In addition, as set forth in the Affidavit of Stephane Dupoux, sworn to on January 29, 2018 (the "Dupoux Affidavit"), the Zarco Firm counseled Mr. Dupoux regarding the

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

utilization of a 207(i) exemption for paying front of the house employees – which is at the heart of the instant action – and Mr. Dupoux utilized the Zarco firm's advice and has been operating a 207(i) exemption for the past few years at River Yacht Club.  *See* Dupoux Affidavit at ¶¶7-8, a copy of which is attached hereto as **Exhibit "4."**

15.     For the reasons set forth more fully below, the Zarco Firm must be disqualified from representing Plaintiff in this action.

**ARGUMENT AND MEMORANDUM OF LAW**

**Legal Standard**

"Motions to disqualify are governed by two sources of authority.  First, attorneys are bound by the local rules of the court in which they appear… Second, federal common law also governs attorneys' professional conduct because motions to disqualify are substantive motions affecting the rights of the parties." *Herrmann v. GutterGuard, Inc.*, 199 Fed.Appx. 745, 752 (2006) (citations omitted).  Moreover, if a district court bases its disqualification order on an allegation of an ethical violation, "the court may not simply rely on a general inherent power to admit and suspend attorneys, without any limit on such power.  Instead, "the court must clearly identify a specific Rule of Professional Conduct which is applicable to the relevant jurisdiction and must conclude that the attorney violated that rule." *Id.* (citations and internal punctuation omitted).

**Applicable Florida Bar Rules and Case Law**

Florida Bar Rule 4-1.9 provides:

> A lawyer who has formerly represented a client in a matter must not afterwards: (a) represent another person in the same or a **substantially related matter in which that person's interests are materially adverse to the interests of the former client** unless the former client gives informed consent;

    (b) **use information relating to the representation to the disadvantage of the former client** except as these rules would permit or require with respect to a client or when the information has become generally known; or

    **(c) reveal information relating to the representation** except as these rules would permit or require with respect to a client.

FL BAR Rule 4-1.9 (emphasis added).  "Rule 4-1.9 is designed to protect client confidentiality and is "aimed at the problem of attorneys 'switching sides." *Estright v. Bay Point Improvement Ass'n, Inc.*, 921 So.2d 810, 811 (2006) (citation omitted).

"Once the existence of an attorney-client relationship is established, an **'irrefutable presumption'** arises that confidences were disclosed during the course of the relationship."  *In re Skyway Communications Holding Corp.*, 415 B.R. 859, 867 (M.D.Fla. 2009) (emphasis added) (citations omitted).  *See also In re Weinhold*, 380 B.R. 848, 853 (M.D.Fla 2007) (under Florida law, "upon a showing there is an attorney-client relationship, there is a presumption there was a confidential relationship and confidential information was transferred to all members of a firm by the client."  (citation and internal punctuation omitted).

Florida Bar Rule 4-1.6(a) provides: "Consent Required to Reveal Information. A lawyer must not reveal information relating to representation of a client except as stated in subdivisions (b), (c), and (d), unless the client gives informed consent."  Here, Mr. Dupoux has not given any such consent relating to the prior representation and/or legal advice received from the Zarco Firm.

Florida Bar Rule 4-1.8(b) provides: **"**Using Information to Disadvantage of Client. A lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client gives informed consent, except as permitted or required by these rules."

Again, Mr. Dupoux has not given any such consent relating to the prior representation and/or the legal advice received from the Zarco Firm.  By representing Plaintiff against Mr. Dupoux, the Zarco Firm is necessarily using information gained from Mr. Dupoux against him.

Florida Bar Rule 4-1.7(a) provides:

> Representing Adverse Interests. Except as provided in subdivision (b), **a lawyer must not represent a client if:**
> …
> (2) **there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to** another client, **a former client** or a third person or by a personal interest of the lawyer.

FL BAR Rule 4-1.7(a) (emphasis added).  Here, the Zarco Firm ignored its responsibility to its former client, Mr. Dupoux, and moreover, is impermissibly representing Plaintiff.

Furthermore, "Generally, an attorney's duty of loyalty to a former client may be broader than the attorney-client privilege, so that the attorney may not oppose his former client on a related matter, even if he only uses information that comes from a source other than his former client." *In re Skyway Communications Holding Corp.*, 415 B.R. 859, 868 (M.D.Fla. 2009) (citations omitted).  Simply, put, it is a flagrant violation of the Florida Bar Rules for the Zarco Firm to sue its former client, Mr. Dupoux, for an FLSA violation involving an alleged "tip credit" and the use of the 207(i) exemption because: (a) that is precisely the issue in the substantially related matter that was the subject of the previous representation; and (b) the Zarco Firm counseled Mr. Dupoux on the utilization of the 207(i) exemption, and is now adverse to its former client on the very same issue.

As the Court stated in *U.S. v. Hernandez*, 2013 WL 5313311 (S.D.Fla. Sept. 20, 2013):

> **Thus, so long as the first matter could reasonably be understood as important to the issues involved in the present matter, the matters are substantially related as required under Rule 4-1.9(a).** Eleventh Circuit case law establishes that, once the movant has established this substantial relatedness, a court will `irrebutably presume that relevant confidential information was disclosed during the former period of representation.' *Freund v. Butterworth,* 165 F.3d 839, 859 (11th Cir.1999).

*Id*. at *3 (emphasis added).

In the case at bar, the Zarco Firm provided Mr. Dupoux with legal advice concerning the very subject upon which the Zarco Firm is now suing Mr. Dupoux, namely, representation involving an alleged tip credit violation in an FLSA case and the utilization of a 207(i) exemption. As such, the Zarco Firm must be disqualified.[1]

As the court explained in *Garfinkel v. Mager*, 57 So.3d 221 (Fla. 5th DCA 2010):

> While the right of a party to chose his or her attorney is deeply engrained in our jurisprudence, that right is not unlimited. **A party does not have the right to an attorney possessing confidential information of the adversary so as to provide the party with an unfair informational or tactical advantage. The Rules Regulating the Florida Bar affirmatively restrict attorneys with "inside" knowledge from using it for the gain of other clients.** *See generally,* R. Regulating Fla. Bar 4–1.6 (confidentiality of client information); 4–1.7 (conflict of interest; current client) 4–1.8 (conflict of interest; prohibiting use of client information to disadvantage of client); 4–1.9 (conflict of

---

[1]"Imputed Disqualification of All Lawyers in Firm. While lawyers are associated in a firm, none of them may knowingly represent a client when any 1 of them practicing alone would be prohibited from doing so by rule 4-1.7 or 4-1.9 except as provided elsewhere in this rule, or unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm." FL BAR Rule 4-1.10(a).

interest; former client).

*Id*. at 224 (emphasis added)

In *Herrmann*, the Eleventh Circuit Court of Appeals affirmed the District Court's disqualification of the plaintiffs' counsel in a FLSA case due to a conflict of interest.  The conflict of interest arose because the plaintiffs' counsel was representing the plaintiffs in a substantially related matter against a client of his former law firm that had previously represented the defendant's affiliate.  Specifically, the plaintiffs' counsel's former law firm worked on a compliance audit and employment law review for a company.  The attorney handling the audit and review spoke about her work at meetings with other "team" members at the law firm.  The plaintiff's counsel was at some of those meetings.  After leaving the law firm, the plaintiffs' counsel sued the company and its affiliates for FLSA violations.  The District Court granted the motion to disqualify the plaintiffs' counsel due to a conflict of interest and found a violation of Georgia Rule of Professional Conduct 1.9(b).[2]

The *Herrmann* Court analyzed the conflict of interest as follows:

> The legal representations in the prior lawsuit and this one are substantially related. With regard to the prior representation, the record shows that [the former law firm] conducted an audit and review of Dixie HomeCrafters' operations in February 2000 to determine whether the company was complying with various aspects of employment and wage and hour law, including the FLSA's requirements for the payment of overtime. As for the present representation, [the conflicted attorney] is suing Dixie HomeCrafters and GutterGuard for failing to pay overtime to GutterGuard employees. The key issues are whether the defendants should have adopted and followed practices for the payment of overtime to gutter installation crews and if so, whether their alleged failure to do so was willful.

---

[2] The text of Ga. Rules of Prof'l Conduct R. 1.9(b) is set forth in the *Herrmann* decision and is quite similar to Fla.Bar.R. 4:1-9.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

*Id.* at 756.

As the court explained in *In re Skyway Communications Holding Corp.*, 415 B.R. 859 (M.D.Fla. 2009) citing *State Farm Mutual Automobile Insurance Company v. K.A.W.,* 575 So.2d 630, 633 (Fla. 1991):

> The comment to Rule 4–1.9 states that **matters are "substantially related" if they involve the same transaction or legal dispute, or if the current matter would involve the lawyer attacking work that the lawyer performed for the former client**. To be `substantially related,' the matters "need only be akin to the present action in a way reasonable persons would understand as important to the issues involved.

*Id.* at 869 (internal quotations and citation omitted) (emphasis added).  *See also U.S. ex rel. Bumbury v. Med-Care Diabetic & Medical Supplies, Inc.*, 101 F.Supp.3d 1268, 1273 (S.D.Fla. 2015) (attorney's representation of former employees in *qui tam* action against former employer that allegedly submitted false Medicare claims was substantially related to attorney's previous representation of former employer in which attorney's prior firm provided Medicare regulation advice concerning how to avoid allegations set forth in employees' complaint); *Estright v. Bay Point Improvement Ass'n, Inc.*, 921 So.2d 810 (Fla. 1st DCA 2006) (trial court properly disqualified attorney who previously represented homeowners association from representing property owners in action against association arising out of a claim of lien filed by association against owners' property where attorney was involved in substantially related matter while representing association because he drafted association's governing documents that allowed for imposition of the lien**).**

In the case at bar, the Zarco Firm is indeed attacking the precise legal work (the 207(i) exemption) that it performed for Mr. Dupoux and that Mr. Dupoux utilizes at River Yacht Club. Accordingly, this is a flagrant violation of the aforementioned Florida Bar Rules.

Further, in *Herrmann*, it was irrelevant that the particular plaintiffs in the law suit had not been employed by the company when the compliance audit and employment law review were conducted.   As the *Herrmann* Court stated:

> [A]s for the materiality factor, the plaintiffs argue that the information Kaspers purportedly acquired was not material because GutterGuard had not yet hired any installation crews at the time of the audit and review. **As we have previously stated, the fact that GutterGuard had not yet hired any installation employees is not dispositive. The information Kaspers acquired during F & P's representation of Dixie HomeCrafters was material because it has a bearing on what Dixie HomeCrafters and GutterGuard knew about wage and hour law. The district court did not err in determining that the information Kaspers acquired was material.** In sum, the defendants adequately proved the substantial relationship, confidentiality, and materiality components of Kaspers' Rule 1.9(b) violation.

*Id.* at 756-57 (emphasis added).

For these several reasons, it is respectfully requested that the Court grant the instant Motion and disqualify the Zarco Firm from representing Plaintiff in this case.

WHEREFORE, Defendants respectfully request that the Court grant the instant Motion in its entirety, enter an Order disqualifying Roberto Zarco, Esq., Beshoy Rizk and the law firm of Zarco Einhorn Sakowski & Brito, P.A. from representing Plaintiff in this matter, and grant such other and further relief as is just and proper.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1A.3

I hereby certify that counsel for the movant attempted to confer with Plaintiff's counsel in a good faith effort to resolve the issue raised herein.  Specifically, Defendants' counsel e-mailed a draft of the instant Motion to Plaintiff's counsel on January 26, 2018, and requested that Plaintiff's counsel voluntarily withdraw from the case by January 30, 2018.  No response to such e-mail was received by Defendants' counsel as of the filing of this Motion.

Dated: January 30, 2018                                                Respectfully submitted,

s/ Lowell J. Kuvin
Lowell J. Kuvin
Fla. Bar No.: 53072
lowell@kuvinlaw.com
Sundeep K. Mullick
Fla. Bar No. 18175
sunny@kuvinlaw.com
Law Office of Lowell J. Kuvin, LLC
17 East Flagler St., Suite 223
Miami, Florida 33131
Tel:     305.358.6800
Fax:     305.358.6808
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will automatically send a copy of the foregoing document to Plaintiff's counsel, Robert Zarco, Esq. (FBN 502138) (rzarco@zarcolaw.com), Beshoy Rizk, Esq. (FBN 93808) (brizk@zarcolaw.com) and Margaret T. Lai, Esq. (FBN 0074395)( mlai@zarcolaw.com).

By:    s/ Lowell J. Kuvin
Lowell J. Kuvin, Esq.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808