UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 17-CV-24530-UU

NANCY BODAN,

    Plaintiff,

v.

CG RYC, LLC, CG MIAMI RIVER LLC,
FOOD AND LEVERAGE, LLC,
STEPHANE DUPOUX, and
MEYER CHETRIT,

    Defendants.
_____/

**PLAINTIFF NANCY BODAN'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT [DE 25]**

Plaintiff Nancy Bodan files this Memorandum in Opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint [DE 25] and states the following in support.

**BACKGROUND**

On November 3, 2017, Plaintiff initially filed a Complaint along with 11 other plaintiffs in Florida state court against her former employer River Yacht Club, its owner, its owner's corporate members, and individuals who control those entities. [DE 1-1 at ¶¶ 1-18]. Plaintiff had entered into an employment relationship with River Yacht Club as a busser and was supposed to be compensated as a "Tipped Employee" under the Fair Labor Standards Act ("FLSA"). [DE 1-1 at ¶ 23]. Plaintiff sought relief for the following counts: Count I – Failure to Pay Minimum Wage in Violation of the FLSA; Count II – Failure to Pay Overtime Wage Compensation in Violation of the FLSA; Count III – Breach of Contract; Count IV – Accounting; and Count V – Unjust Enrichment. Defendants removed the matter to federal court, [DE 1], and the Court subsequently

severed the 11 other plaintiffs' claims. [DE 8]. On December 29, 2017, Defendants moved to dismiss all five counts of the Complaint. [DE 14]. On January 12, 2018, the Court *sua sponte* dismissed without prejudice Counts III through V (the state-law claims). [DE 17].

Due to the Court's *sua sponte* dismissal and requirement in its Order in Actions Brought Under the Fair Labor Standards Act [DE 10] that Plaintiff file an amended complaint to include a statement concerning the amount of unpaid wages, Plaintiff moved for leave to amend the complaint on January 12, 2018 [DE 19]. In Plaintiff's Amended Complaint [DE 19-1], Plaintiff sought relief for the following counts: Count I – Failure to Pay Minimum Wage in Violation of the FLSA; and Count II – Failure to Pay Overtime Wage Compensation in Violation of the FLSA. The Court granted Plaintiff's Motion for Leave to Amend the Complaint [DE 22] thereby making the Amended Complaint [DE 23] the operative complaint and denied Defendants' Motion to Dismiss as moot.

On January 30, 2018, Defendants filed their Motion to Dismiss the Amended Complaint [DE 25]. Defendants included in their Motion to Dismiss certifications of Celeste Pyfrom [DE 25-1] and Sami Kohen [DE 25-2]. Ms. Pyform's Certification simply attaches the same paystubs that Plaintiff attached to her Amended Complaint and three menus of the restaurant. [DE 25-1]. The Certification of Sami Kohen included conclusory statements such as "The [Front of House] staff at River Yacht Club was always paid pursuant to the 207(i) retail sales exemption[,]" [DE 25-2 at ¶ 6], and that "[a]t no time were any FOH employees paid as 'tipped employees' and the restaurant did not avail itself of the 'tip credit.'"[1] [DE 25-2 at ¶ 9].

## ARGUMENT

**A.    Standard**

---

[1]    Plaintiff has simultaneously filed a motion to strike Defendants' filing of Celeste Pyfrom's and Sami Kohen's Certifications.

2

**ZARCO EINHORN SALKOWSKI & BRITO**
100 S.E. 2ND STREET, 27TH FLOOR │ MIAMI, FLORIDA 33131│ T: (305) 374-5418│ F: (305) 374-5428

At the motion to dismiss stage, a court must accept all allegations pled in the complaint as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Federal law provides that a claim is sufficiently pled if the complaint contains "enough factual matter (taken as true) to suggested the required element." *Watts v Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). A motion to dismiss does not decide the merits of the case but merely tests the sufficiency of the complaint. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984).

The Court is limited to the four corners of the Amended Complaint and the exhibits attached thereto, if any. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). The only exception to the "four corners" rule is if the motion to dismiss attaches a document that is incorporated into the complaint by reference. *Id.* Because the Certifications and menus attached to Defendants' Motion to Dismiss are not referenced in the Amended Complaint and are not "central" to Plaintiff's claims,[2] the Court should not consider those documents when ruling on Defendants' Motion to Dismiss. Therefore, the Court is limited to the allegations made in Plaintiff's Amended Complaint. *See, e.g.*, *Waite v. All Acquisition Corp.*, Case No. 15-cv-62359-BLOOM/Valle, 2015 WL 11668601, at *3 (S.D. Fla. Dec. 4, 2015) (holding that the court in a products liability case would not take into consideration the defendant's "bare assertion that it is a 'pure production seller' and, as such, a strict liability claim may not be brought against it" because it was outside of the four corners of the complaint).

---

[2]    As discussed more fully in Plaintiff's Motion to Strike Certifications of Celeste Pyfrom and Sami Kohen [DE 38], a document is "central" to a plaintiff's claims if it goes to the very heart of the plaintiff's claims.

3

**ZARCO EINHORN SALKOWSKI & BRITO**
100 S.E. 2ND STREET, 27TH FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

### B. Defendants' Argument Concerning the "Mandatory Service Charge" Fails

Defendant argues that Plaintiff's minimum wage claim fails because Plaintiff was sufficiently compensated under § 207(i). In support, Defendants argues that River Yacht Club charged a "mandatory service charge" which is considered a commission and not a gratuity. Defendants rely solely on Sami Kohen's Certification in support of their statement that the "service charge" was a "mandatory service charge" that cannot be considered as a "gratuity" under the FLSA. [DE 25 at 7].

Plaintiff alleges in the Amended Complaint that "[c]ontrary to its representations to its patrons, River Yacht Club treated the 18% gratuity as a service charge, retained a portion of the gratuities that were collected from its patrons, distributed a portion of the gratuities to the restaurant's management and non-tipped employees, and mandated that the Plaintiff and the other tipped employees share the balance of the tip pool." [DE 23 at 5]. Whether the "service charge" was a true "service charge" is an issue of fact and not appropriate for determination at this stage. *See Steiner-Out v. Lone Palm Golf Club, LLC*, No. 8:10-cv-2248-T-24 TBM, 2010 WL 4366299, at *3 (M.D. Fla. Oct. 28, 2010) (denying the defendant's motion to dismiss because "Plaintiffs' allegations that Defendant forced them to participate in tip pooling, in which they had to share their tips with non-wait staff employees and managers, goes to the issue of whether Defendant was entitled to take a tip credit when determining the amount of wages that it was required to directly pay Plaintiffs."). Defendants' self-serving and conclusory Certifications of Celeste Pyfrom and Sami Kohen do nothing to change this.

The untenable nature of Defendants' position is further highlighted by the case cited by Defendants. In *Nascembeni v. Quayside Place Partners, LLP*, the court made the determination that the service charge at issue in that case was properly classified as a "commission" and not a

4

**ZARCO EINHORN SALKOWSKI & BRITO**
100 S.E. 2ND STREET, 27TH FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

"gratuity" at the summary judgment stage where there was no dispute of the facts relating to that issue. *Nascembeni v. Quayside Place Partners, LLP*, No. 09-23322-Civ., 2010 WL 2351467, at *2 (S.D. Fla. June 11, 2010). This is not the situation here. Defendants are moving to dismiss Plaintiff's minimum wage claim as a matter of law which they simply are not entitled to right now.

C.   **Plaintiff Sufficiently Pleaded Her Overtime Compensation Claim**

Defendants argue that Plaintiff's overtime claim should be dismissed with prejudice because Plaintiff's "conclusively establish" that Plaintiff never worked more than 40 hours in a workweek. This is simply not true. Plaintiff alleges in the Amended Complaint that she "often worked in excess of 40 hours per week." [DE 23 at 5]. This is enough to withstand dismissal. *See Heckert v. 2495 McCall Road Corp.*, No. 2:07-cv-310-FtM-34SPC, 2008 WL 508079, at *5 (M.D. Fla. Feb. 21, 2008) (holding that allegations that the defendant "failed to compensate [the plaintiff] at the appropriate rate for hours worked in excess of forty hours per week" gave the defendants "fair notice of the grounds upon which [the plaintiff's] claims rest."); *Ramos v. Aventura Limousine & Trans. Serv., Inc.*, No. 12-21693-CV, 2012 WL 3834962, at *2 (S.D. Fla. Sept. 4, 2012) (holding that the plaintiff made a prima facie case for a FLSA violation by alleging that he worked in excess of forty hours in a single week and was not paid his overtime wages).

Furthermore, Defendants' claim that Plaintiff's paystubs do not support her overtime is false. Plaintiff alleges in the Amended Complaint that "River Yacht Club had exclusive access and control over the financial information [and] employees' schedules . . . ." [DE 23 at 6]. As a result, Plaintiff does not have all of the information concerning her employment in her possession.

**D.      Plaintiff's FLSA Claims are Properly Pled**

Defendants further claim that Plaintiff's two counts alleging violation of the FLSA should be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. [DE 25 at 8]. Despite claiming that Counts I and II should be dismissed, Defendants have not made any arguments concerning either subject matter jurisdiction or a failure by Plaintiff to state a claim. As discussed more fully below, Plaintiff has adequately pled that Defendants violated the FLSA by (i) failing to pay minimum wage (Count I) and (ii) failing to pay overtime wage compensation (Count II).

In order to properly plead violation of the FLSA by failing to pay minimum wage and failing to pay overtime, "[t]he elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the act." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). "At this stage in the proceeding, no more is required." *Dobbins v. Scriptfleet, Inc.*, No. 8:11-cv-1923-T-24, 2012 WL 601145, at *2 (M.D. Fla. Aug. 2, 2016). Here, Plaintiff alleges the following:

- An employment relationship exists between Plaintiff and River Yacht Club, [DE 23 at ¶ 21 (Plaintiff "has been employed by River Yacht Club since February 2017 . . . . At all times during her employment [Plaintiff] has been a busser . . . . The FLSA Relevant Time Period is from February 6, 2017 to present.")];

- Defendants forced Plaintiff to participate in an invalid tip pool, [DE 23 at ¶ 68]; and

- Defendants failed to provide Plaintiff with the requisite notice of instituting the tip credit under the FLSA, [DE 23 at 59].

Based on the allegations in the Amended Complaint, Plaintiff has met "the requirements to state a claim of a FLSA violation [which] are quite straightforward." *Labbe*, 319 F. App'x at 763.

Defendants claim that Counts I and II should be dismissed because Plaintiff cannot collect what they deem to be "misallocated tips."[3] "[T]he law is clear that tips are the property of the employee subject to a valid tip pooling arrangement," *Lawrence v. MS & RE Kesef Corp.*, Case No. 11-22122-CIV-Seitz/Simonton, 2013 WL 12246355, at *5 (S.D. Fla. Feb. 5, 2013), and Plaintiff has alleged that the tip pooling arrangement here is not valid, *see, e.g.*, [ECF 1-1 at ¶¶ 37-45, 49, 50, 65]. Additionally, such determination is inappropriate at this time because the "theory of FLSA liability . . . raises legitimate questions of law and fact." *Lawrence*, 2013 WL 12246355 at *5.

The cases cited by Defendants in their Motion to Dismiss the Amended Complaint make clear that even if their position were correct, this issue is not appropriate to be determined at the motion to dismiss stage. Six of the seven cases cited by Defendants involve orders rendered after the motion to dismiss stage and fall into the following categories: (i) a ruling on a motion in limine, *Holloway v. Rocchio Tunnel Marketplace Enters., LLC*, 15-61586-CIV, 2016 WL 4411346 (S.D. Fla. Feb. 29, 2016), *Wajcman v. Inv. Corp. of Palm Beach*, 620 F. Supp. 2d 1352 (S.D. Fla. 2009); (ii) an order on a motion for summary judgment, *Garcia v. La Revise Assocs. LLC*, No. 08 Civ. 9356, 2011 WL 135009 (S.D.N.Y. Jan. 13, 2011), *Ayres v. 127 Rest. Corp.*, 12 F. Supp. 2d 305 (S.D.N.Y. 1998); (iii) a court's findings of fact and conclusions of law made pursuant to Federal Rule of Civil Procedure 52, *Bonham v. Copper Cellar Corp.*, 476 F. Supp. 98 (E.D. Tenn. 1979); and (iv) a court's review of a magistrate judge's judgment post-bench trial, *Myers v. Copper Cellar Corp.*, 192 F.3d 546 (6th Cir. 1999).

The only case cited by Defendants that involves a court's decision at the motion to dismiss stage is *Mould v. NJG Food Serv., Inc.*, which is also distinguishable. Civil No. JKB-13-1305, 2014 WL 2768635 (D. Md. June 17, 2014). *Mould* is a decision by a court in the District of Maryland not to comply with a Department of Labor ("DOL") regulation interpreting 29 U.S.C. § 203. That regulation, 29 C.F.R. § 531.52, provides that "[t]he employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any reason other than that which is statutorily permitted in section [20]3 m: As a credit against its minimum wage obligation to the employee, or in furtherance of a valid tip pool."

Other courts have held that the DOL's regulation is a reasonable interpretation of the FLSA and warrants *Chevron* deference. *See Or. Rest. & Lodging Ass'n v. Perez*, 816 F.3d 1080 (9th Cir. 2016); *Allison v. Dolich*, Case No.: 3:14-Cv-1005-AC, 2016 WL 5539587 (D. Ore. Sept. 28, 2016); *see also Howard v. Second Chance Jai Alai LLC*, Case No. 5:15-cv-200-Oc-PRL, 2016 WL 3883188, at *4 (M.D. Fla. July 18, 2016) (holding that "it is worth noting" the Ninth Circuit's holding in *Perez*). Indeed, the Eleventh Circuit, in ruling on an appeal from this District, has held that it has not "wade[d] into the ongoing debate concerning the regulation's validity under *Chevron*." *Malivuk v. Ameripark, LLC*, 694 F. App'x 705, 708 (11th Cir. 2017) (deciding not to opine on its stance because the plaintiff in the case at hand did not assert that she received less than the minimum wage before tips).

Accordingly, even if the Court were to consider this issue at this stage in the proceedings, which it should not, the Court should give deference to the DOL's interpretation of the FLSA and provide Plaintiff with the right to seek damages including payment of all tips earned while working at River Yacht Club.

---

<sup>3</sup> Despite Defendants' claim that Plaintiff is seeking to only recover "misallocated tips," [DE 25 at 11], Plaintiff also seeks relief for Defendants' failure to pay minimum wage and failure to pay overtime wage

8

**ZARCO EINHORN SALKOWSKI & BRITO**
100 S.E. 2ND STREET, 27TH FLOOR │ MIAMI, FLORIDA 33131 │ T: (305) 374-5418 │ F: (305) 374-5428

Based on the foregoing, the Court should find that Plaintiff properly pled her FLSA claims and deny Defendants' Motion to Dismiss the Amended Complaint.

## CONCLUSION

Based on the foregoing, Plaintiff Nancy Bodan respectfully requests that the Court deny Defendants' Motion to Dismiss the Amended Complaint [DE 25] in its entirety and grant any other relief that the Court deems necessary and proper.

Dated: February 13, 2018

                                              Respectfully submitted,

**ZARCO EINHORN SALKOWSKI & BRITO, P.A.**
Miami Tower
100 S.E. 2nd Street, 27th Floor
Miami, Florida 33131
Telephone: (305) 374-5418
Facsimile: (305) 374-5428

By: /s/ Robert Zarco
     **ROBERT ZARCO (FBN 502138)**
     E-mail: rzarco@zarcolaw.com
     **BESHOY RIZK (FBN 93808)**
     E-mail: brizk@zarcolaw.com
     **MARGARET T. LAI (FBN 0074395)**
     E-mail: mlai@zarcolaw.com
     Secondary E-mail: khernandez@zarcolaw.com
     Secondary E-mail: eservice@zarcolaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served via the Court's CM/ECF system on this 23rd day of February, 2018.

                                              By: /s/ Robert Zarco
                                                  Robert Zarco

---

compensation. *See, e.g.*, [DE 23 at WHEREFORE clauses for Counts I and II].