UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-24530-UU

NANCY BODAN,

    Plaintiff,

v.

CG RYC, LLC, *et al.*,

    Defendants.

_____/

**ORDER**

THIS CAUSE comes upon Defendants' Motion for Sanctions (D.E. 51).

Defendants move for sanctions against Plaintiff's counsel on the grounds that Plaintiffs are prosecuting a frivolous action simply to harass Defendants.

This is a Fair Labor Standards Act ("FLSA") case that principally involves a tip pool. Defendants removed this case from Florida state court on December 14, 2018. D.E. 1. The Court *sua sponte* severed all Plaintiffs except Ms. Bodan for improper joinder. D.E. 8. On March 3, 2018, the Court granted Defendants' Motion to dismiss Plaintiff's Amended Complaint for two reasons: first, Plaintiff's contention that the tip pool was invalid because her employer retained a portion of it was wrong as a matter of law (29 C.F.R. § 531.52), and second, the amended complaint was unclear as to whether Plaintiff was underpaid. D.E. 48. The Court ordered Plaintiff to file a Second Amended Complaint by March 23, 2018. *Id.*

Also pending, but not yet ripe, is a motion to disqualify Plaintiff's counsel because they represented Defendant Stephane Dupoux in a related case before this Court: *Jorge Gutierez, et al., v. Seasalt and Pepper, LLC, et al.*, 14-cv-22852-UU (S.D. Fla. 2014). Magistrate Judge John

J. O'Sullivan issued a Report and Recommendation recommending that the motion be granted; objections are due on March 21, 2018.

Defendants argue that Plaintiff's counsel knows that they are prosecuting a frivolous action because Defendant has provided them evidence proving that their operation of the tip pool falls squarely within an exception to FLSA. *See* 29 U.S.C. § 207(i) (providing an exception from liability if "(1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable . . . and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services."). Additionally, the tip-pool at issue here is the same as the tip-pool at issue in *Gutierez*, and Plaintiff's counsel advised the defendants there how to create that tip pool.

The Court finds that this motion is premature. The Court dismissed Plaintiffs' complaint and highlighted the problem with her tip-pool allegations. *See* D.E. 48. Plaintiff has not yet filed a Second Amended Complaint, and therefore the Court does not yet know whether Plaintiff will persist in this action or in her challenge to the tip pool. The Court is very much aware of *Gutierez*, including its holding and the fact that Plaintiff's counsel here was Defendant's counsel there. Nevertheless, this motion is not properly decided before the Court has examined Plaintiff's next complaint. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion (D.E. 51) is DENIED WITHOUT PREJUDICE. Defendants may re-file the motion, if necessary, <u>after the Court rules on any motion to dismiss the Second Amended Complaint, and after the Court rules on the motion to disqualify counsel.</u>

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of March, 2018.

_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf